IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL SHARP and DEBBIE SHARP                                   PLAINTIFFS

V.                         CASE NO. 3:15-CV-3017

RUAN LOGISTICS CORPORATION                                        DEFENDANT

## ORDER

Currently before the Court are the parties' Joint Motion and Brief in Support (Doc. 17). The parties represent that they have reached a settlement of all claims in this case, and that Arkansas Blue Cross Blue Shield ("ABCBS")—which is not a party to this case—"claims an interest in the settlement proceeds." (Doc. 16, p. 1). They ask this Court to approve their settlement agreement, and "to hold that [ABCBS] does not have a lien against the settlement proceeds." *Id.* at 2. They represent further that "a copy of this Motion is being served upon [ABCBS] so it can enter its[] appearance herein for the purpose of" determining its "subrogation rights against the settlement proceeds." *Id.* The parties' Motion is **GRANTED IN PART AND DENIED IN PART** as explained below.

The Court will not adjudicate the rights of a non-party entity, and the Court sees no need to express approval or disapproval of the parties' settlement agreement. As all issues between the instant parties have been settled, this case is **DISMISSED WITH PREJUDICE**, subject to the terms of the settlement agreement. If any party desires to make the terms of settlement a part of the record herein, those terms should be reduced to writing and filed with the Court within thirty (30) days from the file date of this Order. The Court retains jurisdiction to vacate this Order and to reopen the action upon cause

1

shown that settlement has not been completed and that a party wishes this Court to enforce the settlement agreement specifically.

Furthermore, if any of the parties, or ABCBS, believes it necessary to adjudicate the rights of ABCBS's potential lien interest in the settlement proceeds, then the parties may seek leave by no later than thirty (30) days from the file date of this Order to reopen this action and amend pleadings to add ABCBS as a party—or, preferably, ABCBS may seek leave to intervene by no later than the same deadline. However, when seeking such leave, the movant(s) should brief the issues of why good cause to amend pleadings exists at such a late stage. *See id.* at § 3; Fed. R. Civ. P. 16(b)(4). Additionally, if ABCBS is a resident of Arkansas, then when seeking such leave the movant(s) must also explain why the validity and extent of ABCBS's lien interest should not be adjudicated by an Arkansas state court in a separate action, given "that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

Accordingly, **IT IS ORDERED** that the Parties' Joint Motion to Approve Settlement (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**, and this case is hereby **DISMISSED WITH PREJUDICE**. The Plaintiffs are **FURTHER ORDERED** to promptly serve a copy of this order upon Arkansas Blue Cross Blue Shield, and to thereafter file an appropriate affidavit of service.

**IT IS SO ORDERED** on this 29th day of March, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE